By the Court,

Cowen, J.
The decision of this case depends upon the question whether the statute to punish the obtaining of money or goods by false pretences was intended to protect the citizen from frauds beyond his commercial dealings, and to reach forgeries and other like pretences commonly got up by beggars to excite compassion, and induce acts of chaiity in favor of themselves or others. I find no case or dictum bringing this class of persons within the operation of this statute. In 2 Russell on Crimes, 289, a case is put, which the writer represents as a curious species of indictable fraud, viz. that of a man who maimed himself in order to have a more spe- [352] cious pretence for asking charity, and Coke, Hale and Hawkins are referred to. This led me to examine the authors alluded to, and I find that none of them put the cases on the fraud, but on the mayhem, and accordingly treat of it under the title “maiming.” They all go on the case stated by Lord Coke, who says: In my circuit in anno 1 Jacobi Begis, in the coutry of Liecester, one Wright, a young, strong and lusty rogue, to make himself impotent, thereby to have the more color to begge, or to be relieved, without putting himself to any labor, caused his companion to strike off his left hand, and both of them were indicted, fined and ransomed therefore; and that by the opinion of the rest of the justices for the cause aforesaid.” Co. Lit. 127, a. This and other cases are introduced by Lord Coke, with the observation, “Note, the life and members of every subject are under the safe guard and protection of the king.” So that the indictment was clearly not for the fraud. 1 have looked into the books farther, and failed to find a single case which holds a false pretence of any kind to the end that another should do a charitable act, to be indictable. The absence of any such authority, especially in England, where beggars greatly abound, drilled and practiced too, in all the fraudulent devices of their trade, is itself enough to raise a doubt. The exercise of the virtue of charity has practically been left, where I suspect the law intended it should remain, upon the basis of the mere moral duty, *200 Doth of the beggar and donor. The virtue is sufficiently could, inquisitive and scrupulous to be safe without the protection of- the criminal law. The duty of the donor is one of imperfect obligation, and I am not aware that the beggar’s duty as to the means of calling it into exercise is anything more. I should even doubt whether an action for money had and received would lie to recover back a charitable advance made on a false pretence; for I believe the understanding is, always to let the scanty pittance go on the representation, true or false, better or worse, without any implied duty of restoration.
I admit that the crime in question is one of a very dark moral grade. [353] So are adultery, ingratitude towards benefactors, and various other moral offences not noticed by the criminal law. I admit ais o that it is within the words of our statute, and within the enacting clause of 30 Geo. 2, c. 24, from which our statute is copied. Our system of revision, however, has in this as in many other cases, unfortunately obscured the history and reason of the law, not only by alterations of words, but many times by dropping the recital. The true reason of both the English and New-York statutes was doubtless the same; and it will be useful, therefore, tb look at the reasons stated for the first. After reciting, “Whereas divers evil disposed persons, to support their profligate way of life, have, by various subtle stratagems, threats and devices, fraudulently obtained divers sums of money, goods, wares and merchandises, to the great injury of industrious families, and to the. manifest prejudice of trade and credit,” the statute proceeds as follows; “Therefore, for the punishing of all such offenders, be it enacted, &c., that from and after, &c., ail persons who knowingly and designedly, by false pretence or pretences, shall obtain from any person or persons, money, goods, wares or merchandises with intent to cheat or defraud any person or persons of the same; or shall send, &c. (a threatening letter) with a view to extort, &c. shall be deemed offenders against law and the public peace.” It then prescribes the punishment, which is to be by fine, imprisonment, pillory, whipping, or transportation to this country. 22 Pick. Statutes at Large, 114. Looking merely to these punishments, one can not but admit that some of them are admirably calculated for such “lustie rogues’’ as he of my Lord Coke, and many others; but the recital seems clearly to point out evils entirely different from any which ever arose in history of charity. When did we ever hear of industrious families ruined, and certainly never of any prejudice to trade or credit., under any system of fraudulent beggary ? On the contrary, our books of morals and tales, with a few scattering exceptions, are continually complaining of deaf ears and hard hearts, even when addressed by the best authenticated stories of real distress; so much so, indeed, that our law [354] has been obliged to interpose a system of regulated public charity for the protection of the honest sufferer. Nay, it makes the offence of begging, a crime, punishable by summary proceeding before a magistrate (1 R. S. 640, 641, 2d ed. § 1 and 3). Looking to our statute, the man who merely gives to a beggar, without ordering him instantly to be taken into custody and carried before a justice of the peace, as he may do, id. § 2, would seem to be a moral participant in the crime of vagrancy. It would sound somewhat extravagant, were we to apply a law severely penal to the protection of such an act.
On the whole, we all feel quite clear that this indictment is not sustainable. We all agree that the pretence had it been exercised in a matter of trade or credit, would have fallen within the statute; but we can not bring ourselves to hold that this or any pretence resorted to merely to enforce a beggar’s request, is cognizable by the criminal law The sessions are advised to discharge the defendant.