[No. 840.]

# E. C. GOOCH ET AL., APPELLANTS, v. JAMES SULLIVAN ET AL., RESPONDENTS.

OBJECTIONS TO EVIDENCE—WHERE AND HOW MADE.—The supreme court, on appeal, will consider objections to the admission of evidence, only upon the grounds of objection as specified in the court below.

PAROL LICENSE—WHEN ENFORCED.—A parol agreement to construct a ditch and keep it in repair, for the mutual benefit of several parties, will be enforced, if the parties have, in pursuance of such agreement, performed labor and paid their share of the expenses incurred in the construction of the ditch.

APPEAL from the District Court, Second Judicial District, Washoe county.

*Wm. Cain,* for Appellant.

Admitting that the relation existing between plaintiffs and defendants are those of licensors and licensees, then, under the evidence in the case, the license granted is executed, and is not revocable at the pleasure of the licensor. (*Rerrick* v. *Kern,* 14 Serg. & R. 267; *Snowden* v. *Wilas,* 19 Ind. 10; *Stephens* v. *Benson,* 19 Id. 368; *Woodbury* v. *Parshley,* 7 N. H. 237; *Ameriscoggin Bridge* v. *Bragg,* 11 Id. 103; *Russell* v. *Hubbard,* 59 Ill. 335.)

Under a plea of right to the possession of the land the plaintiffs may prove any fact which entitles them to the possession. (*Gillespie* v. *Jones,* 47 Cal. 263.) But the parties were tenants in common of said ditch, and not strangers to each other, as in the case of licensor and licensee, and they mutually agreed to make and construct the ditch for their joint use and benefit.

*Thomas E. Haydon,* for Respondent.

I. This is a claim to use perpetually, for temporary purposes, a strip of land, without a written conveyance, in the teeth of the statute of frauds. (1 Comp. Laws, 55; *Lobdell* v. *Hall,* 3 Nev. 509; *Vansickle* v. *Haines,* 7 Nev. 249.

II. An estoppel must be expressly and precisely alleged. (*Lansing* v. *Montgomery,* 2 Johns. (N. Y.) 382; *Guild* v. *Richardson,* 6 Pick. (Mass.) 364; *Crandall* v. *Gallup,* 12

Conn. 365; *Howard* v. *Mitchell*, 14 Mass. 241; *Isaacs* v. *Clark*, 12 Vt. 692; *Woodhouse* v. *Williams*, 3 Dev. (N. C.), 508; *McNair* v. *O'Fallon*, 8 Mo. 188; *Sharon* v. *Minnock*, 6 Nev. 386; Bigelow on Estoppel, 535, 536, note 1; *Hamlin* v. *Hamlin*, 19 Maine, 141; *Bolling* v. *Petersburgh*, 3 Rand, 563; *Heard* v. *Hall*, 16 Pick. 460; *Marshall* v. *Pierce*, 12 N. H. 127.

*W. M. Boardman*, also for Respondent.

By the Court, LEONARD, J.:

This case is, in many respects, like *Lee et al.* v. *McLeod*, 12 Nev. 280. Plaintiffs seek to recover an undivided seven sixteenths part of a certain water-ditch described in their complaint, alleged to have been constructed from a tail-race of the Nevada Land and Mining Company over the lands of plaintiffs and defendants, for the purpose of conducting water from said tail-race to and upon the land of defendants and plaintiffs respectively, a distance of four or five miles, for farming and irrigating purposes. Plaintiffs also ask that defendants be perpetually enjoined from interfering with plaintiffs' free and undisturbed use of said ditch to the extent of their interest therein, and that plaintiffs have judgment for damages in the sum of one thousand five hundred dollars, on account of an unlawful diversion of the waters of said ditch, on and after May 20, 1876, until the twelfth day of August, 1876, when this action was commenced. Defendants were enjoined from interfering with plaintiffs' alleged rights in said water-ditch; also from diverting therefrom any portion of one hundred and forty-five inches of water, claimed to have been purchased from said Nevada Land and Mining Company for the irrigating season of 1876 by plaintiffs.

Defendants answered separately, and denied all the allegations of the complaint that are material on this appeal, except the allegation "that the ditch in question was constructed and used for the purpose of conducting water from said tail-race to the lands of plaintiffs and defendants, for farming and irrigating purposes, and is capable of conduct-

ing from five to six hundred inches of water." Defendants
also admitted, by failing to deny the same, that plaintiffs
purchased the use of one hundred and forty-five inches of
water from the Nevada Land and Mining Company, to be
conducted through said ditch and used for irrigating pur-
poses upon their ranches on and after July 4, 1876, during
the farming season of that year; and further, that they, the
defendants, diverted the water claimed by plaintiffs, but
they denied plaintiffs' alleged right and title to the ditch
or any of the water therein.

It was agreed by counsel upon the trial, and so ordered
by the court, that plaintiffs might offer all evidence which
they had or could procure to maintain or establish the right
claimed by them, subject to defendant's objection, that such
rights could be established only by deed or proper instru-
ment in writing, vesting the same in plaintiffs or their
grantors; that all evidence offered by plaintiffs, except such
written evidence, should be taken under such objection,
and the court should decide upon the same after plaintiffs
should rest their case. Thereupon plaintiffs introduced
evidence tending to establish these facts: That plaintiffs
and defendants respectively own and cultivate ranches near
the town of Reno, through and over which the ditch in
question was constructed by defendants' and plaintiffs'
grantors in the year 1868 or thereabouts, for the purpose of
conducting to their lands for irrigating purposes waters
running through the tail-race above mentioned, and belong-
ing to the Nevada Land and Mining Company; that defend-
ants' and plaintiffs' grantors, in 1868, agreed to construct
and own the ditch together, for the purposes stated, and
when it should be completed, to keep it in repair, defend-
ants to own one fourth each, and plaintiffs' grantors one
fourth each; that each of the parties to the agreement con-
tributed his proportion of the labor and expenses necessary
for its completion; that defendants, and plaintiffs, and their
grantors, jointly kept it in repair, and until about May 20,
1876, used the same in common, according to their respect-
ive interests, without further permission or consent from
the others; that the ditch is from four to five miles in

length, and capable of conducting from five to six hundred inches of water; that defendants, prior to the date last mentioned, did not claim but an undivided one fourth interest each, and recognized plaintiffs' right to the balance; that in the year 1876 plaintiffs required water for use upon their respective ranches in their proper cultivation, and that in the spring of said year they purchased one hundred and forty-five inches of water, to be taken from the tail-race and used upon their lands for irrigating purposes during the irrigating season; that defendants deprived plaintiffs of the use of a great portion of the water so purchased by them, and thereby greatly injured their crops.

After plaintiffs had rested their case, defendants' counsel moved for a judgment of nonsuit upon the ground that the right claimed by plaintiffs, and by them sought to be enforced, was an estate or interest in the lands of defendants, other than a lease thereof, for a term not exceeding one year, and that the same was not created, granted, assigned, surrendered or declared by act or operation of law, or by deed or conveyance in writing, subscribed by the defendants or either of them, or by their lawful agents, etc. The motion was granted, and this appeal is taken from the judgment of nonsuit.

It is urged that, by their agreement and acts, respondents are estopped from denying appellant's alleged rights in the ditch in question. In answer to this, counsel for respondents reply that the facts necessary to constitute an equitable estoppel must be pleaded; that they are not in any manner stated in the complaint in this case, and consequently that appellants cannot invoke the principle claimed. We need not inquire whether it was necessary for appellants to plead such facts or not, for the reason that the only ground of objection to appellants' evidence was the one above stated. It was not objected that the evidence was inadmissible because the facts constituting an equitable estoppel were not pleaded. In *Sharon* v. *Minnock*, 6 Nev. 383, the court held that the ground of objection must be stated in the court below, and that this court would not reverse a ruling admitting or rejecting evidence upon a ground in no way sug-

gested at the time of objection, and upon which the court was not called upon to decide; that this court would consider objections only upon the grounds specified in the court below. Such a construction was evidently intended by the legislature, and is the only one that is just to courts and litigants. That parol evidence is admissible in general, to prove such an executed parol license as should be enforced in equity, requires no argument or citation of authorities. Any parol license which, if given and executed, will be upheld and enforced in equity, may be proven by parol. The fact that the license was in parol, excludes, as a rule, the possibility of proving it by evidence in writing.

The question for our consideration, then, is: Did the facts admitted in the pleadings and proven on the trial, the same being uncontradicted, entitle appellants to any relief sought in the court below? We think they did. They tended, at least, to establish an executed parol license in favor of appellants, which supplied the place of a writing and took the case out of the statute of frauds. The facts admitted and proven, if true, show that for the mutual benefit of respondents' and appellants' grantors, an agreement was by them entered into, jointly to construct the ditch in question for a common purpose; that in pursuance of such agreement and by reason thereof, they performed their proportion of labor and advanced their share of the expenditure necessary in its construction, and that subsequently appellants and their grantors contributed their share of labor and expense necessary in keeping it in proper condition for use; that at the time appellants were deprived of the water they had the right to use one hundred and forty-five inches from the tail-race mentioned during the whole irrigating season; that water was indispensable to the growth and maturity of their crops, and that by reason of its diversion their crops were injured; that appellants and their grantors, from 1868 until 1876, uninterruptedly used said ditch in proportion to the interests claimed by them respectively, and that during such period respondents did not claim but a fourth interest each therein. If the facts stated are true, respondents had no right to deprive appellants of the use of the ditch to the ex-

tent of their interest; at least so long as the latter were able to purchase water from the owner of the said tail-race, and so long as they did so purchase it to be used upon their lands for irrigating purposes. (See *Lee et al.* v. *McLeod,* 12 Nev. 280, and the cases therein cited.)

In *Raritan Water Power Co.* v. *Veghte,* 21 N. J. Eq. 463, the court say: "Where improvements of a permanent nature have been made by a person on his own land, the enjoyment of which depends upon a right recognizable by the law, affecting the land of another, and to which his consent is necessary, and where such consent is expressly proved, or necessarily implied from the circumstances, and the improvements have been made in good faith upon it, equity will not permit advantage to be taken of the form of the consent, although not according to the strict mode of the common law, or within the statute of frauds; and to defeat such a purpose will, upon proper bill filed, enjoin the licensor from accomplishing his fraud, or when he asks relief it will be refused, or if granted, will be allowed merely in the shape of compensation, but protecting the right of the licensee."

It is said by counsel for respondents that the ditch was intended for temporary purposes only. The evidence certainly does not show that such was the intention, and we cannot presume it to have been so from the character of the property and the surroundings of the parties. It is true the tail-race is not a natural stream, and that all the parties were obliged to purchase the water from its owner. But surely these facts did not justify respondents in depriving appellants of the use of the ditch so long as they were able to secure the water by purchase or otherwise.

We do not deem it important to consider other points raised by counsel for appellants.

The appellants will, if they so desire, be allowed, upon proper motion, to amend their complaint in such a manner that the case may be tried upon its merits.

The judgment of the district court is reversed and a new trial ordered.