## In re Cummins.

1. CONSPIRACY OF PROSECUTOR WITH DEFENDANT TO COMMIT A CRIME. The primary object of punishment being the suppression of crime, it is better, where both prosecutor and defendant have violated the law, that both be punished, than that the crime of one be used to shield the other.

2. FALSE PRETENSES—PROSECUTOR'S GUILT DOES NOT SHIELD DEFENDANT.— Where two persons conspire together to defraud the government, and one, by false pretenses, obtains money from the other and spends it in furtherance of the illegal purpose, prosecution on complaint of the other party will lie against him for obtaining money under false pretenses, notwithstanding the guilt of the prosecutor.

*Original Application for Habeas Corpus.*

In June, 1891, petitioner was examined before a justice of the peace in and for Las Animas county, under four separate and distinct charges of obtaining money under false pretenses. As a result of such examinations, he was required in each case to give bond for his appearance at the next succeeding term of the district court to be held in Las Animas county, to answer such charges; or upon a failure so to do, to be committed to the common jail of the county to await the action of the grand jury.

The petitioner failing to furnish bond, warrants of commitment were issued, upon which he was incarcerated in the county jail. Thereupon he made application to the Hon. J. C. Gunter, judge of the third judicial district, to be discharged upon a writ of *habeas corpus.* After a full hearing upon such application the prisoner was remanded to custody. It appeared, however, from the complaint, as well as by the evidence, that the money which he had obtained by the alleged false pretenses was paid him in each instance by the prosecuting witnesses respectively, in the furtherance of an illegal purpose to obtain by fraud valuable coal lands from the United States.

The application is now renewed in this court.

Messrs. DIXON & DIXON, for petitioner.

J. H. MAUPIN, attorney-general, and Mr. H. H. BABB, for the people.

MR. JUSTICE HAYT delivered the opinion of the court.

If two persons conspire together to accomplish an unlawful purpose, and one, by false pretenses, obtains money from the other, which the latter parts with in furtherance of the illegal purpose, will a prosecution lie against the former for obtaining the money under false pretenses?

This is the substantial question presented upon the record. Counsel for petitioner contend that it will not, while the affirmative is assumed by the attorney-general. The authorities bearing upon the question cannot be reconciled. In the leading cases of *The Commonwealth v. Henry*, 22 Pa. St. 253, and *McCord v. People*, 46 N. Y. 470, exactly opposite conclusions were reached upon facts that are quite similar.

In the former case it was alleged in the indictment that the defendant, intending to defraud the prosecutor, falsely asserted to him, and also to another person who communicated it to him, that he had a legal warrant for the arrest of the daughter of the prosecutor for an offense punishable by a fine and imprisonment, and that he threatened to arrest her; by means of which representation he obtained from the prosecutor property of the value of $100. The trial court having quashed the indictment, its judgment was reversed by the supreme court and the indictment declared sufficient.

In the case of *McCord v. The People*, *supra*, the indictment charged the defendant with having falsely and fraudulently represented that he had a warrant for one Miller, and that Miller, believing said false representations, was induced and did deliver to the defendant a gold watch and diamond ring. In this case it was held that, as the property had been voluntarily surrendered as an inducement to the officer to violate the law and disregard his official duties,

the indictment could not be sustained; the court declaring that the statute against obtaining money by false pretenses was designed to protect only those who for an honest purpose are induced by false or fraudulent representation to give credit or part with their property, and not to protect those who do this for an unworthy or illegal purpose. The opinion of the court in this case is quite brief, while Peckham, J., filed an able and exhaustive dissenting opionion.

In support of the majority opinion two cases are cited by the court, viz.: *People v. Williams*, 4 Hill, 9; *Same. v. Stetson*, 4 Barb. 151. An examination of the former case shows it to be no authority upon the question presented here, the decision being simply to the effect that a false representation, to be within the statute, must be such as is calculated to mislead persons of ordinary prudence and caution — a conclusion not generally accepted elsewhere. 2 Bishop, Crim. Law, § 433. In *People v. Stetson, supra,* it seems, however, to have been determined that, if the owner in parting with his property, etc., was himself guilty of a crime, the indictment under the statute could not be sustained; and a similar conclusion was reached in *State v. Crowley*, 41 Wis. 271, in which case the information charged a conspiracy on the part of several defendants to defraud the prosecutor of his money; and, the proof showing that the conspiracy charged was in connection with an unlawful enterprise in which the prosecutor and the defendants were *particeps criminis*, it was held that a conviction was not warranted. It appeared, also, that had the prosecutor exercised common prudence and caution he could not have been misled by the false pretenses by which he was induced to part with his money.

In opposition to this doctrine, and in line with the Pennsylvania decision, we find *Commonwealth v. Morrill*, 8 Cush. 571. Mr. Bishop, reviewing the different conclusions, says: "Another doctrine, sustained in New York, is that where, if the false pretenses were true, the person parting with his

goods would be guilty of a crime therein, or where he actually commits an offense in parting with them, the indictment for the cheat cannot be maintained. On the other hand, the Massachusetts court appears to have directly discarded this doctrine. The point decided was that a defendant cannot set up, in answer to an indictment of this nature, any wrongful representation of the person injured concerning the goods charged to have been obtained through the false pretense. ' Supposing,' said Dewey, J., ' it should appear that (the individual defrauded) had also violated the statute, that would not justify the defendants. If the other party had also subjected himself to a prosecution for a like offense, he also may be punished. This would be much better than that both should escape punishment because each deserved it equally.' And this view accords with the general spirit of the criminal law, wherein the fault of one man is not received in excuse for that of another; while the New York doctrine would introduce a well-known principle of civil jurisdiction into a system of laws to which it is alien." 2 Bishop, Crim. Law (7th ed.), § 469.

Finding this conflict in the authorities, we are left free to decide the question propounded solely upon principle.

In our opinion the conclusion reached by Mr. Bishop is supported by the better reasons. The primary object of punishment is the suppression of crime; and where both the prosecutor and defendant have violated the law, it is better that both be punished than that the crime of one should be used to shield the other.

When the plaintiff in a civil action is shown to have been guilty of a wrong in the particular matter about which he complains, he cannot ordinarily recover. But there is little chance to apply this rule to criminal prosecutions conducted by the state, the person defrauded being at most a prosecuting witness in the case, and not a party to the proceeding.

The language of our statute is plain. The false pretenses charged in this case are embraced within its express terms,

and we are not in favor of sanctioning a rule that will permit offenders to escape by showing that another should also be punished. The petitioner's application to be discharged will therefore be denied and the prisoner remanded.

*Petition denied.*