### COURT OF APPEALS.
### Nov. 27, 1906.

## THE PEOPLE *v.* CHARLES J. TOMPKINS.*

(186 N. Y. 413.)

GRAND LARCENY—PARTING WITH PROPERTY FOR AN ILLEGAL PURPOSE.

>   The rule, that when a person is induced either by trick or device
>   or false representations to part with his property for an illegal
>   purpose, a conviction cannot be had of the person charged with
>   the crime, is firmly established in this state and cannot be changed
>   by the courts without ignoring constitutional rights and usurping
>   legislative power. The alteration of the rule, however, is suggested
>   to the legislature.

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 12, 1906, which affirmed an order of the Court of General Sessions of the Peace of the city of New York, arresting judgment against the defendant upon a verdict convicting him of the crime of grand larceny in the first degree.

The facts, so far as material, are stated in the opinion.

*William Travers Jerome,* District Attorney (*Robert C. Taylor* of counsel), for appellant. The decision in *McCord* v. *People* (46 N. Y. 470) has legalized swindling in New York in all cases where the victim is in anywise in the wrong. *People* v. *Livingstone,* 47 App. Div. 283.) The doctrine of the *McCord* case is opposed to the weight of authority. (Clark & Marshall on Crimes [2d ed.], § 157; 2 Bish. New Crim. Law [8th ed.], §§ 467–469; McClain Crim. Law, § 682; May's Crim. Law [3d ed.], §§ 25, 312; 12 Am. Eng. Ency. of Law [2d ed.], 856; *Young* v. *King,* 3 D. & E. 98; *Rex* v. *Beacall,* 1 C. & P. 454; *Reg.* v. *Hudson,* 8 Cox C. C. 305; *Casily* v.

---

* Affirming 114 App. Div. 912,

*State,* 32 Ind. 62; *State* v. *Shadd,* 80 Mo. 358; *Matter of Cummins,* 16 Col. 491; *People* v. *Martin,* 102 Cal. 558; *People* v. *Howard,* 135 Cal. 266; *Cunningham* v. *State,* 61 N. J. L. 67; *Comm.* v. *O'Brien,* 172 Mass. 248.)

*Francis I. Osborne* for respondent. A reading of the first and second counts of the indictment shows that no crime was committed by the defendant. (*McCord* v. *People,* 46 N. Y. 470; *People* v. *Livingstone,* 47 App. Div. 283; *People* v. *William,* 4 Hill. 9; *People* v. *Stetson,* 4 Barb. 151; *State* v. *Crowley,* 41 Wis. 284.)

*Per Curiam.* The defendant was convicted of the crime of grand larceny in the first degree, under an indictment charging the crime, *first,* by specifying in detail the trick, device or pretense by means of which it was consummated, and, *second,* in the usual common-law form. The substance of the allegation of the first count of the indictment is that the defendant, and others associated with him, induced one Felix to part with the sum of $50,000 upon the false representation that the defendant, as an employee of the Western Union Telegraph Company, had the means for obtaining advance information as to the result of certain horse races which were the subject of wagers or bets in so-called poolrooms, and that said Felix, relying upon these false representations, went to a poolroom recommended to him by the defendant, and there made a wager or bet upon a certain horse falsely named as the winner and thus lost his money. After the defendant's conviction his counsel moved in arrest of judgment, and the motion was granted upon the ground, as stated by the learned trial court, that when a person is induced either by trick or device or false representations, to part with his property for an illegal purpose, no conviction can be had of the person charged with the crime, because that is the rule enunciated in *McCord* v. *Peo-*

*ple* (46 N. Y. 470). From the order thus made the learned district attorney appealed to the Appellate Division where it was affirmed, and from that decision he appeals to this court for a final review.

In a very able and elaborate argument the district attorney attacks the doctrine of the *McCord* case, the substance of which is above stated, as being contrary to the great weight of the decisions in the courts of our American commonwealths, and as inimical to the proper administration of our criminal law as applied to modern conditions. He contends that the doctrine of the *McCord* case rests upon the erroneous assumption, adopted in the earlier cases of *People* v. *Clough* (17 Wend. 351) and *People* v. *Stetson* (4 Barb. 151), that our statute relating to larceny by means of false pretense, trick or device, is regulated and limited by the recitals of the preamble to 30 Geo. 2, c. 124, which is the English statute from which our own was copied, to the effect that it is designed to reach the evil-disposed persons whose subtle stratagems, threats and devices have enabled them to obtain money, goods and merchandise " to the great injury of *industrious families* and to the *manifest prejudice of trade and credit.*"

The learned district attorney is clearly right in his assertion that the law of this state, as enunciated in the cases of *Clough,* *Stetson,* and *McCord,* is at variance with the rule adopted by many other states in the Union. We are also impressed with the weight of the argument that in view of the constantly expanding ingenuity of intelligent criminals, which serves to render the administration of criminal justice more and more difficult, the law must be progressively practical in order to keep pace with the development of new forms of crime. But these arguments, impressive as they are, simply serve to suggest that it is the province of courts to give effect to existing rules of law and not to legislate. The law of this state, as set forth in the *McCord* case, has been in existence

since 1837. It has become a rule of personal liberty quite as firmly established in this state as the rule of property recently re-affirmed in the case of *Peck* v. *Schenectady Ry. Co.* (170 N. Y. 298). Although it may be admitted that this rule, which exists only in New York and Wisconsin, is at variance with what now appears to be the more reasonable view adopted in at least twelve of our sister states, and although it may be conceded to be too narrow for the practical administration of criminal justice as applied to modern conditions, we are admonished that the remedy is not with the courts but in the legislature. We cannot change the existing rule without enacting, in effect, an *ex post facto* law. This cannot be done without ignoring the constitutional rights of many who may legally claim the protection of the rule. Neither can it be done without judicial usurpation of legislative power. In view of these fundamental obstacles to judicial relief it would be unprofitable to enter upon an elaborate discussion of the reason of the rule of the *McCord* case or the authorities for and against it, or as to what the character and scope of our decision might be if the question presented were an original one which we could decide in the light of the seventy years of experience which have elapsed since the decision in the *Clough* case.

We can, therefore, do no more, and we feel constrained to do no less, than to supplement the recommendation made to the legislature in the somewhat similar case of *People* v. *Livingstone* (47 App. Div. 284), where the Appellate Division of the second department, speaking through Judge CULLEN, said: " *We venture to suggest that it might be wise for the legislature to alter the rule laid down in McCord* v. *People (supra).* * * * If the rule as to larceny by false pretense and by trick or device were made the same as the common-law rule that stealing property from a thief is the same crime as stealing from the true owner, we think this class of cases might be

much more sucessfully dealt with. We know that a feeling prevails to some extent in the community that it is unjust that one offender should be punished and his co-offender obtain immunity. This feeling is absolutely unreasonable. Where one offender is punished and another escapes, there may properly be a feeling of .dissatisfaction, but the dissatisfaction. should not be because one man is in prison, but because the other man is out."

The order appealed from should be affirmed.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Order affirmed.