DON KELLEY AND ROBERT EDMOND BLACK, APPELLANTS, v. THE STATE OF NEVADA, RESPONDENT.

No. 4205

February 5, 1960                        348 P.2d 966

*Harry E. Claiborne,* of Las Vegas, and *John Squire Drendel,* of Reno, for Appellants.

*Roger D. Foley,* Attorney General, *William J. Raggio,* District Attorney, *Drake DeLanoy,* Deputy District Attorney, and *Eric L. Richards,* Deputy District Attorney, of Reno, for Respondent.

## O P I N I O N

By the Court, MCNAMEE, C. J.:

Appellants, hereinafter called defendants, were convicted by a jury of an attempt to obtain $25,000 by false pretenses, the amended information charging that they presented a false and fraudulent keno ticket to Beck Corporation in Reno with the intent to cheat and defraud said corporation.

1. Defendants claim that the court should have declared a mistrial because the amended information and pleas thereto were read to the jury after the trial was in progress and testimony had been received in evidence.

NRS 175.165 requires that after a jury has been impaneled and sworn, the trial shall proceed in the following order: The clerk must read the [amended] information and state the pleas of the defendants to the jury. Thereafter the counsel for the state must offer the evidence in support of the charge.

It was technical error for the court to disregard these mandatory statutory provisions.

It thus becomes necessary to determine whether defendants were prejudiced thereby.

In People v. Sprague, 53 Cal. 491, the clerk did not read the information nor state the defendant's plea to the jury at any time after it was impaneled as was

68

required by a statute identical with NRS 175.165. The California Supreme Court there held:

"There can be no doubt that the jury were fully informed from the commencement of the trial of the precise charges against the defendant, and of the issue raised by his plea of 'not guilty.'

"The departure from the form or mode of presenting the issue prescribed by statute did not prejudice or tend to prejudice the defendant in respect to a substantial right, and it is therefore the duty of this Court to give judgment without reference to an irregularity—the result of such departure."

Statutes providing for the order of trial in criminal cases are for the purpose of informing the jury of the charge against a defendant and the issues which it is to decide. State v. Spencer, 101 Utah 274, 117 P.2d 455. The record before us discloses that the state's attorney read the amended information to the prospective jurors before they were impaneled and that he stated that it was a mere accusation on the part of the state, and that the defendants would have an opportunity to answer the charge. During the progress of the trial the defendants moved for a mistrial on the ground that NRS 175.165 had not been complied with in that the amended information had not been read nor the pleas thereto stated to the jury after its empanelment. Upon the denial of the motion for mistrial, the amended information, over the objections of the defendants, was then read and the pleas of the defendants were stated to the jury. Thereafter the amended information and the pleas thereto were embodied in one of the court's instructions, and by another instruction the court informed the jury of the nature of an information and of a plea.

Under the circumstances of this case defendants were not in any manner prejudiced by said technical error. State v. Ayres, 70 Ida. 18, 211 P.2d 142.

2. Defendants contend that the trial court erred in refusing to give certain instructions pertaining to the

proposition of whether or not the game of keno was illegal as being a lottery. As hereinafter stated, we are not concerned under the facts of this case with the legality of the game of keno. People v. Carpenter, 141 Cal. App.2d 884, 297 P.2d 498. There had been no instruction given by the court pertaining to lotteries. It was not error therefore to refuse to give defendants' proposed instructions bearing on that subject. State v. Moore, 48 Nev. 405, 233 P. 523.

3. Error is claimed because the court received in evidence state's Exhibit M, together with the material attached thereto, over the objection of the defendants that no proper foundation therefor had been laid. Exhibit M was a copy of the license issued to Beck Corporation by the State Tax Commission to operate a keno game. Because this exhibit was not certified precisely in the manner provided by NRS 49.050, defendants objected to its admission in evidence on the ground that a proper foundation therefor had not been laid. It does not appear that defendants were in any way prejudiced by the faulty certificate.

The documents attached to said exhibit were other records of the Gaming Control Board, one of which showed a computation of the gaming taxes paid by Beck Corporation. The exhibit and documents were irrelevant to the sole issue in the case, to wit, whether or not defendants attempted to obtain money by false pretenses. In reading the record on appeal herein it cannot fairly be maintained that the trial court had an opportunity to rule on any objection to Exhibit M other than the objection that the proper foundation therefor had not been laid. In defendants' reply brief filed in this court they even assert "that defense counsel could have made no other objection than that no foundation had been laid for the introduction of this [exhibit]." The claim now being made in this court that Exhibit M was prejudicial as being immaterial was not asserted in the court below. Such objection made for the first time on appeal will not be considered. State v. Moore, supra;

Gooch v. Sullivan, 13 Nev. 78; In Re Bennett's Estate, Okl., 324 P.2d 862; Bower v. Tebbs, 132 Mont. 146, 314 P.2d 731; 3 Am.Jur., Appeal and Error, sec. 353, n. 12.

4. Defendants' next assignment of error is that the trial court erred in receiving in evidence state's Exhibits F and G. These were the two keno tickets, one of which was the false token which NRS 175.260 required as evi- dence before a conviction could be had for the offense charged, and the other was its companion ticket. The evidence was ample to show their relationship to the fraud, and they constituted evidence material to other evidence in explanation of how the fraud was com- mitted. Objections thereto were properly overruled and the motion to strike the same was properly denied.

5. The main assignment of error is based on defend- ants' contention that they cannot be convicted of an attempt to obtain money by false pretenses when the act complained of is done during the progress of a game which is illegal because it constitutes a lottery.

The evidence in the record is sufficient to prove all the elements of the crime of attempt to obtain money by false pretenses required for conviction under NRS 175.260 and NRS 205.380 which relate to obtaining money by false pretenses, and by NRS 208.070 relating to attempts. Under such circumstances there remains to consider only the contention that the defendants are absolved from guilt because the game as played was illegal.

In Horton v. State, 85 Ohio St. 13, 96 N.E. 797, 39 L.R.A., N.S., 423, it was held that it is no defense to a charge of obtaining money by false pretenses that the transaction in which the money was so obtained was unlawful. The court in this case considered the fact that this rule is sustained by the authorities in Massachu- setts, California, Michigan, Texas, Colorado, and Penn- sylvania. It recognized that a different rule prevails in New York and Wisconsin but pointed out that the New

York Court of Appeals in People v. Tompkins, 186 N.Y. 413, 79 N.E. 326, 12 L.R.A. (N.S.) 1081, questions the soundness of its rule and that it "is at variance with a more reasonable view and the decisions in at least 12 states." [85 Ohio St. 13, 96 N.E. 799.] The court in the Tompkins case then went on to quote from another decision:

"We know that a feeling prevails to some extent in the community that it is unjust that one offender should be punished and his co-offender obtain immunity. This feeling is absolutely unreasonable. Where one offender is punished and another escapes, there may properly be a feeling of dissatisfaction, but the dissatisfaction should not be because one man is in prison, but because the other man is out." [186 N.Y. 413, 79 N.E. 327.]

The question of allowing a personal remedy to the victim in these cases is an entirely different matter and one with which we are not concerned herein.

That the New York and Wisconsin rule in applying the doctrine of particeps criminis in the administration of criminal law is not the weight of authority and is not in harmony with modern thinking is demonstrated by an exhaustive opinion in the case of State v. Mellenberger, 163 Ore. 233, 95 P.2d 709, 128 A.L.R. 1506.

For the reasons aforesaid we would be constrained to follow the majority view, were it necessary to determine whether the game of keno is a lottery.

Here it was shown that the defendants in conspiracy marked a winning ticket after the winning numbers were known in order to defraud the operator of the game of $25,000 which would have been the reward if the ticket had been properly marked and paid for prior to the drawing.

NRS 462.010 defines a lottery as "any scheme for the disposal or distribution of property, by chance, among persons who have paid or promised to pay any valuable consideration for the chance of obtaining such property, or a portion of it, or for any share or any interest in such property upon any agreement, understanding or expectation that it is to be distributed or disposed of

by lot or chance, whether called a lottery, raffle or gift enterprise, or by whatever name the same may be known."

The defendants at the time of the attempted fraud were not engaged in playing a lottery which is defined as a game of chance. People v. Carpenter, supra. They gave no money or other consideration for the ticket.

As in the Carpenter case, the defendants by their own acts eliminated the element of chance and they cannot therefore successfully maintain that the game was a lottery. There was an attempt to take feloniously the property of another by false and fraudulent representations, which is criminal under our statutes.

Affirmed.

BADT and PIKE, JJ., concur.