No. 13,798.

STATE OF LOUISIANA VS. MAURICE BIAGAS.

SYLLABUS.

On a trial for murder, all twelve of the jurors must concur to find a verdict for manslaughter ; nine jurors concurring cannot find a verdict.

APPEAL from the Sixteenth Judicial District, Parish of St. Landry —*Lewis, J.*

*Walter Guion,* Attorney General, and *R. Lee Garland,* District Attorney, (*Lewis Guion* of counsel), for Plaintiff, Appellee.

*John W. Lewis* and *Charles F. Garland,* for Defendant, Appellant.

The opinion of the court was delivered by

PROVOSTY, J. The defendant was tried for murder, was convicted of manslaughter and sentenced; and he appeals.

He asks that the verdict and the sentence be set aside, on the ground that the verdict was found by only eleven jurors; whereas, the trial being for murder, the punishment of which may be capital, the concurrence of all twelve jurors was necessary under Article 116 of the Constitution. This article reads as follows:—

" Cases in which the punishment may be at hard labor shall be tried by a jury of five, all of whom must concur to render a verdict; cases in which the punishment is necessarily at hard labor, by a jury of twelve, nine of whom concurring may render a verdict; cases in which the punishment may be capital, by a jury of twelve, all of whom must concur to render a verdict."

The punishment of manslaughter cannot be capital, but is necessarily at hard labor; that of murder may be capital. For either murder or manslaughter the jury must be of twelve; but for manslaughter nine concurring may find a verdict, whereas for murder all twelve must concur. Under our statutory law the jury may always in a case of murder bring in a verdict for manslaughter.

This then being the legal situation, counsel for the State argue that a trial for murder is a dual trial, it being also a trial for man-

slaughter; and that in so far, or inasmuch as the trial is for manslaughter, nine jurors concurring may render a verdict. The argument looses sight of the fact that a verdict of guilty of manslaughter on a trial for murder is a dual verdict, it being also a verdict of not guilty of murder (State vs. Byrd, 31 Ann. 419); and that the latter verdict cannot be rendered by a concurrence of less than twelve jurors. A verdict that saves the prisoner's neck is a verdict in a case in which the punishment may be capital, and the Constitution is express that "cases in which the punishment may be capital shall be tried by a jury of twelve all of whom must concur." The twelve are required by the Constitution not alone for the prisoner's conviction, but as well for his acquittal. A verdict in such a case if found by any number of jurors less than twelve is null and void; as null if found by eleven as if found by two or three.

The verdict and the judgment purporting to be founded thereon are decreed to be null and void, and the case is ordered to be proceeded with according to law.

BREAUX and BLANCHARD, J. J., dissenting—the latter handing down an opinion giving reasons for dissent.