(December 14, 1921.)

## STATE, Respondent, v. ALBERT JUTILA and MATT KOHKONEN, Appellants.

[202 Pac. 566.]

CRIMINAL LAW — FELONY CHARGE — INCLUDED MISDEMEANOR — FIVE-SIXTHS VERDICT.

1. Under C. S., sec. 8904, where the charge is a felony, a conviction cannot be had by verdict of five-sixths of the jury.

2. Where the language of a statute is unambiguous, the clearly expressed intent of the legislature must be given effect, and there is no occasion for construction.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. Wm. W. Woods, Judge.

Defendants were charged with robbery and convicted of assault. Appeal from judgment of conviction and from order denying motion for new trial. *Reversed.*

James A. Wayne, for Appellant.

Where the information charges a defendant with the commission of a felony, the verdict of the jury must be unanimous. (Debates and Proceedings, Idaho Const. Con., vol. 1, pp. 235–260; Idaho Const., art. 1, sec. 7; Idaho Comp. Stats., sec. 8904; *State v. Scheminisky,* 31 Ida. 504, 174 Pac. 611; *State v. Biagas,* 105 La. 503, 29 So. 971; *King v. Armstrong,* 9 Cal. App. 368, 99 Pac. 527.)

Roy L. Black, Attorney General, and James L. Boone, Assistant, for Respondent.

Where a defendant is charged with a felony, within which crime there is necessarily included a lesser offense, to wit, a misdemeanor, a conviction may be had on a five-sixths verdict of twelve jurors. (*State v. Biagas,* 105 La. 503, 29 So. 971; art. 1, sec. 7, 13 Ida. Const.; secs. 8904, 8997, C. S.)

McCARTHY, J.—By an information filed in the district court for Shoshone county appellants were jointly charged with the crime of robbery. Upon the trial the court instructed the jury that five-sixths of the jurors could find them guilty of simple assault, which was an included offense. Ten of the jury of twelve rendered a verdict finding both of appellants guilty of simple assault, upon which verdict judgment was pronounced fining them $25 each. They moved for a new trial on the ground, among others, that five-sixths of the jury could not return a verdict. This appeal is taken from the judgment and order denying a new trial.

The principal point urged is that the instruction mentioned above was erroneous, and the verdict and judgment

are invalid, because five-sixths of the jury could not return a verdict.

The state constitution, art. 1, sec. 7, provides: "The right of trial by jury shall remain inviolate but in civil actions three-fourths of the jury may render a verdict, and the legislature may provide that in all cases of misdemeanors five-sixths of the jury may render a verdict."

This right of trial by jury means in general the right as it existed in England at the time of the separation of the American colonies, subject to such exceptions as the legislature may have expressly made, in the exercise of the power conferred upon it by the constitution. In exercising this power, the legislature has provided:

"8904. Issues of fact must be tried by jury, unless a trial by jury be waived, in criminal cases not amounting to felony, by the consent of both parties expressed in open court and entered in the minutes. In case of misdemeanor, the jury may consist of 12 or any number less than 12 upon which the parties may agree in open court, but five-sixths of the jury may render a verdict, which verdict shall have the same effect as a unanimous verdict." (C. S., sec. 8904.)

Appellants contend that under this language a five-sixths verdict can be returned only where the charge is a misdemeanor. Counsel for respondent contend that a five-sixths verdict may be returned where the charge is a misdemeanor, or where the charge is a felony and the conviction is for an included misdemeanor. The only expression of legislative intent is found in the last sentence of sec. 8904, *supra*. By the language used the exception is clearly confined to cases where the charge is a misdemeanor. (*State v. Biagas,* 105 La. 503, 29 So. 971.) The language used being unambiguous, and clearly expressing this intent, there is no occasion for construction of the statute, and arguments based upon the desirability or undesirability of the result are not entitled to consideration. The charge being a felony, the instruction of the court that five-sixths of the jury might convict of

the included misdemeanor was erroneous, and the five-sixths verdict and judgment based thereon are invalid. The instruction should not have been given, and the motion for a new trial should have been granted. We do not decide whether, under the power conferred by Const., 1, 7, the legislature might provide that, in cases where the charge is a felony, five-sixths of the jury may render a verdict of guilty of an included misdemeanor, that question not being necessarily involved.

The judgment is reversed and the case remanded for a new trial in accordance with the views expressed in this opinion.

Rice, C. J., and Budge, Dunn and Lee, JJ., concur.