## WILLIAMS v. WILLIAMS.

No. 17217—Opinion Filed Oct. 12, 1926.

1. **Appeal and Error—Discretion of Lower Court—Disqualification of Judge.**

An application filed in a civil cause to disqualify the judge on the ground of prejudice or bias is addressed to the sound discretion of the judge, and the ruling will not be reversed on appeal, unless there appears to have been a clear abuse of such discretion.

2. **Judges — Disqualification of Judge for Bias.**

Record examined; held that the trial judge ought to have certified his disqualification to try the case on the application filed by the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Murray County; A. C. Barrett, Judge.

Action by Lucy B. Williams against C. P. Williams for divorce and division of property acquired during coverture. From judgment in favor of the plaintiff, the latter brings error. Reversed and remanded.

H. W. Fielding, H. W. Broadbent, and Ben F. Williams, for plaintiff in error.

Ralph Rawlings and Young & Powell, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff and defendant were married in 1906, and lived together as husband and wife until some time shortly before the commencement of this suit. Neither party owned any property at the time of the marriage. The husband and wife by their joint efforts accumulated property to the value of several thousand dollars. Two children were born of the marriage, and are now about the age of 12 and 15 years. The plaintiff prayed the court for possession of the children and division of the property. The plaintiff charged that the husband forged a deed, purporting to convey real estate appearing in her own name, to him, which was placed of record. The plaintiff prayed the cancellation of the deed.

The plaintiff filed a motion in the cause, requesting that Hon. A. C. Barrett disqualify himself to try the case. The motion of the plaintiff set forth that certain parties had reported conversations to her, which occurred between the informants and the judge, purporting to show that the judge had expressed an opinion in relation to the merits of the case. The judge heard the motion and overruled the same. We gather from the record that conversations occurred between the judge and the parties named by the plaintiff, but the judge dictated a statement into the record denying that he made the assertions attributed to him by the motion of the plaintiff.

For all we know the judge may have been purposely imposed upon, but he permitted parties to bring this case to his attention in conversation, aside from some lawful proceeding in connection therewith. The act of the judge in permitting outsiders to talk to him about the case resulted in placing what was said in the field of dispute between the judge and plaintiff's informants.

It may be said that the splendid personal character of the trial judge and his official life are sufficient to convince those who are acquainted with him of the truth of his statements, but we do not know that plain-

tiff has knowledge of such information. Our jurisprudence guarantees a fair and impartial trial to litigants in express terms. As the ultimate powers of the courts to enforce their judgments must be made to rest upon the public confidence in the good faith and integrity of the courts, it is implied, and is the concern of the courts, that a case not only be tried fairly, in fact and in law, but in such an atmosphere that neither party plausibly can point to grounds as a support for the charge that the judgment followed from prejudice or bias of the trial judge.

In this case the judge did not make a division of the property which was accumulated during coverture, further than to set aside the homestead in the town of Sulphur for the use of the plaintiff and her children during the time she remained single. She was awarded a money judgment for $4,000, payable $100 per month until her remarriage, which should operate to terminate the payment. She was also awarded the household and kitchen furniture and jewelry. The plaintiff in her brief points to the result of. the trial as an indication of prejudice and bias on the part of the trial judge. While in a civil case the application for disqualification of the trial judge is addressed to his sound discretion, his ruling will not be reversed on appeal, unless there appears to have been a clear abuse of discretion.

A judge can protect himself from such charges by forbidding anyone to discuss the case with him. The law provides means for punishing those who may persist in imposing upon the judge. Ingles v. McMillan, Judge, 5 Okla. Cr. 130, 113 Pac. 998. We express no opinion on the outcome of the trial of the case, as we think it is better to leave all these matters for retrial.

We go no farther than to say that the trial judge should not have permitted parties to discuss the case, or talk to him about the case, outside of a regular court proceeding, but having permitted the instance to occur, the application for disqualification ought to have been sustained.

We have reached this conclusion on account of the nature of this case, and the apparent facts involved in the case.

The judgment is reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 796, §2753; 33 C. J. p. 1018, §192,; (2) 4 C. J. p. 797, §2753; 33 C. J. p. 1018, §192.