## STATE v. SPENCER.

No. 6223.    Decided October 6, 1941.    (117 P. 2d 455.)

Rehearing Denied February 10, 1942.

See 48 C. J. Perjury, sec. 104; 21 R. C. L. 266 (7 Perm. Supp. p. 5034).

*Harley W. Gustin,* of Salt Lake City, for appellant.

*Joseph Chez,* Atty. Gen., and *Calvin L. Rampton* and *Zar E. Hayes,* Deputy Attys. Gen., for respondent.

LARSON, Justice.

An appeal from a verdict of guilty and judgment thereon in the District Court of Salt Lake County. The information accused the defendant "of the crime of Perjury, committed as follows, to wit: That the said Sid K. Spencer, on the 31st day of May, A. D., 1939, at the County of Salt Lake, State of Utah, committed perjury, by testifying as follows:

" 'I have not driven a car at any time since my license was revoked' for drunken driving' contrary to the provisions of the statute. * * *''

When arraigned defendant moved to quash the information and also moved to dismiss the action on the grounds that the information did not state facts sufficient to constitute a public offense, or to charge the defendant with the commission of an offense; that no facts were set forth in the information from which defendant could determine what offense he was charged with having committed; that there was no sufficient complaint before the magistrate; and that the information did not comply with the provisions of Article 1, Section XII of the Constitution of Utah.

The court denied the motions. A plea of not guilty was entered; trial had; verdict against defendant entered; and judgment pronounced. Defendant prosecutes this appeal. Numerous errors are assigned but we shall devote our attention only to those we deem of paramount importance, to wit: the sufficiency of the information. Our conclusions on these matters make it unnecessary to discuss the numerous assignments as to admission and rejection of evidence.

Does the information charge the defendant with the commission of a public offense? The statutes as far as material to this question read:

Chapter 118, Laws of Utah 1935, Section 105-21-8:

"(1)   The information or indictment may charge, and is valid and sufficient if it charges the offense for which the defendant is being prosecuted in one or more of the following ways:

"(a)   By using the name given to the offense by the common law or by a statute.

"(b)   By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged.

"(2)   The information or indictment may refer to a section or subsection of any statute creating the offense charged therein, and in determining the validity or sufficiency of such information or indictment regard shall be had to such reference."

Chapter 134, Laws of Utah 1937:

## Section 1:

"Sections 103-43-1, 103-43-2, 103-43-8, 103-43-9, Revised Statutes of Utah, 1933, are repealed."

## Section 2:

"A person is guilty of perjury who

"(1)   Swears or affirms that he will truly testify, declare, depose or certify, or that any testimony, declaration, deposition certificate, affidavit or other writing by him subscribed is true, in, or in connection with, any action or special proceeding, hearing or inquiry, or on any occasion in which an oath is required by law or is necessary for the prosecution or defence of a private right or for the ends of public justice or may lawfully be administered, and who in such action or proceeding or on such hearing, inquiry or other occasion wilfully and knowingly testifies, declares, deposes or certifies falsely or states in his testimony, declaration, deposition, affidavit or certificate any matter to be true which he knows to be false.

"(2)   Swears or affirms that any deposition, certificate, affidavit or other writing by him subscribed, is true and which contains any matter which he knows to be false affecting the title to any real or personal property, and upon which reliance is placed.

"(3)   Having been appointed or designated to be an interpreter in any judicial action or proceeding knowingly and wilfully falsely interprets any evidence, matter or thing between a witness and the court or a justice thereof in the course of an action or special proceeding."

## Section 3:

"A person is guilty of perjury in the first degree who commits perjury as to any material matter in or in connection with any action or special proceeding, civil or criminal, or any hearing or inqury involving the ends of public justice or on an occasion in which an oath or affirmation is required or may lawfully be administered."

## Section 4:

"A person is guilty of perjury in the second degree who commits perjury under circumstances not amounting to perjury in the first degree."

### Section 9: Penalties

"(1)   Perjury in the first degree and subornation of perjury in the first degree are felonies and are punishable by imprisonment in the state prison for a term not less than one nor more than five years, or by a fine of not more than five thousand dollars, or by both.

"(2)   Perjury in the second degree and subornation of perjury in the second degree are each misdemeanors and are punishable by imprisonment for not more than one year or by a fine of not more than five hundred dollars, or by both.

"(3)   If perjury is committed in order to procure the conviction of a person for any crime punishable by death, or imprisonment for ten years or more, the punishment may be imprisonment for life."

### Section 103-1-11, R. S. U. 1933:

"A crime or public offense is an act committed or omitted in violation of a law forbidding or commanding it, and to which is annexed, upon conviction, any of the following punishments:

"(1)   Death.

"(2)   Imprisonment.

"(3)   Fine.

"(4)   Removal from office.

"(5)   Disqualification to hold and enjoy an office of honor, trust or profit in this state."

Under the Revised Statutes of Utah 1933, Sections 103-43-1, 103-43-2, and 103-43-8, there was an offense or crime of *Perjury*. There were no degrees or divisions thereof. There was only one crime under the name of perjury. Section 103-43-9 defined and fixed another crime, "subornation of perjury." All those sections were repealed in 1937 and thereafter there was no such crime as *Perjury* unless one is defined and some act made a "crime of Perjury" by the Laws of Utah 1937. At this point we ask: What is a crime? As defined in the statute quoted above, a crime is an act committed or omitted in violation of law and for which a penalty is fixed. What crimes then are defined by Chapter 134, Laws of Utah 1937? Section 9 quoted supra deals with Penalties, and recognizes and fixes

penalties for four acts: "Perjury in the first degree," "perjury in the second degree," "subornation of perjury in the first degree," and "subornation of perjury in the second degree." There is no penalty provided for *perjury* nor for subornation of perjury. There can be therefore no crime of *perjury*. There are two crimes: "perjury in the first degree" and "perjury in the second degree." They are separate and distinct offenses. One is not an offense included in the other, and an act which constitutes one cannot possibly constitute the other. They are two completely separate and distinct offenses, and cannot even be charged as different counts in one information under the provisions of Section 105-21-31 of Chapter 118, Laws of Utah 1935. Let us take an illustration. Suppose defendant when arraigned upon the information had entered a plea of guilty. What penalty would the court have imposed? It could find no penalty provided for *perjury*. How could it determine whether to impose the penalty for "perjury in the first degree" or for "perjury in the second degree" if it could impose either of them. Since one is not an offense "included in the other," the court could not even resolve the doubt in favor of the lesser penalty under the provisions of Section 105-32-5, R. S. U. 1933. And if the court could not do it upon a plea of guilty, it likewise could not do it upon a verdict of "guilty as charged in the information," which charge is neither crime as defined by law.

Let us now turn to consideration of the statutory provisions with respect to manner of charging an offense in an information. Section 105-21-8 of Chapter 118, Laws of Utah 1935, quoted supra, provides that an offense may be charged in an information in three ways: (a) By using the name given by the statute; (b) By stating enough of the terms of the statute defining the offense as is sufficient to give the court and the defendant notice as to which offense is intended to be charged; or (c) By citation of, or reference to, the section or subsection of the statute creating the offense charged in the information. Applying this section

to the instant case, the state under subdivision (a) may have charged defendant committed "perjury in the first degree" or that he committed "perjury in the second degree," as might be their contention. Or under subdivision (b) it may have charged he committed perjury in that, in a civil action or in a criminal action, or in a special proceeding (as the case may be), pending in a court of justice, or in an inquiry involving the ends of public justice, he falsely testified that he had not driven a car, etc., and that such testimony was on a material matter, or that in an affidavit affecting the title to real property he falsely stated certain material facts, indicating the substance of the same. The above are not set forth as forms to be copied in informations but as explaining the principles to be observed under provisions of point (b). And under the third point, it might have alleged among other things that he violated the provisions of "Section 3 of Chapter 134, Laws of Utah 1935," or Section 4 of that chapter. Conformance with either of these three permissive ways of charging the offense would have apprised the court and the defendant of what and which offense was intended to be charged so the plea could be entered, defense prepared, and penalty be known and imposed if such steps became necessary.

It is urged that the information is in the language of Section 105-21-47, Laws of Utah 1935, which provides that perjury may be charged in the form, "A. B. committed perjury by testifying as follows: (set forth the testimony.)" At the time that section was written Section 103-43-1, R. S. U. 1933 was in effect defining an offense of "perjury," and there was only one such offense. There was no offense of "perjury in the first degree" and no offense of "perjury in the second degree." There was then a crime designated in the statute by the name of "perjury," and a penalty was fixed for "perjury." With the repeal of Section 103-43-1, which made perjury a crime, and the enactment of Chapter 134, Laws of Utah 1937, setting up the separate crimes of "Perjury in the first degree" and

"perjury in the second degree," it becomes evident that the form set forth in the 1935 Laws must be modified to recite "perjury in the first degree" or "perjury in the second degree" according to the offense intended to be charged.

It is urged that the lack of pleading in the information is supplied by the bill of particulars, and therefore the court and the defendant knew the offense from the facts there supplied. But the bill of particulars is not a part of the information. It is not to be read to the jury. *State* v. *Solomon,* 93 Utah 70, 71 P. 2d 104. It is something distinct from the information. The provision for reading the information to the jury, and stating the plea of the defendant (Section 105-32-1, R. S. U. 1933), is in order that the *jury may be informed of the charge and the issues* before it for trial. Thus even the jury must understand from the information, not aided by the bill of particulars, what and which offense as defined by the statute it is charged defendant committed. Furthermore the statute provides that when a bill of particulars is furnished if the facts stated in the bill of particulars do "not constitute the *offense* charged in the information" (Italics added), the information may be quashed, etc., clearly indicating that an *offense must be charged* in the information without reference to the bill of particulars. The bill of particulars is a pleading on the part of the state which limits or circumscribes the area or field, the transaction, as to which the state may offer evidence. It does not follow that the state may offer evidence of any matters set out in the bill of particulars. Only those matters in the bill of particulars which come within the charge stated in the information, is open to investigation and evidence. The bill of particulars thus limits the field of inquiry under the charge laid in the information, but cannot extend or expand the field beyond the elements constituting the crime charged.

It is evident therefore that the information does not charge a crime or public offense, and the court erred in

denying defendant's motion to quash the information. This conclusion renders it unnecessary for us to pass upon the other assignments of error. Since the information follows the form used in the complaint before the magistrate, it too was insufficient.

The cause is reversed and remanded to the District Court with directions to dismiss the action.

MOFFAT, C. J., and PRATT, J., concur.

McDONOUGH, Justice (dissenting).

I dissent.

The opinion of the court concludes that the information does not charge a crime or public offense, and hence that the motion to quash should have been granted. I am of the contrary opinion.

Chapter 118, Laws of Utah 1935, Section 105-21-8, quoted in the opinion of the court, provides that an information is valid and sufficient if it charges the offense for which the defendant is being prosecuted (a) "by using the name given the offense  *  *  *  by a statute." The name given the offense attempted to be charged is "perjury." Section 2 of Chapter 134, Laws of Utah 1937, states that "a person is guilty of *perjury* who" commits certain specified acts. All of the acts which may, under the circumstances therein set out, constitute perjury are in such section enumerated. No act not therein specified is perjury. Section 9 of said Chapter 134 provides a penalty for every act enumerated in Section 2. As pointed out in the court's opinion quoting Section 103-1-11, R. S. U. 1933:

"A crime or public offense is an *act* committed or omitted in violation of a law forbidding or commanding it, and to which is annexed upon conviction," a specified punishment. (Italics added.)

The information before us charged the commission of an act described in Section 2, for which a specified penalty is provided in Section 9. Hence it charges a crime. True, the

crime defined in Section 2 is divided into degrees and there is a different punishment provided for each degree; but the acts condemned and for the commission of which a penalty is provided are contained in section 2 and such acts are therein given the name "perjury."

Furthermore, the definition of the offense of perjury is given in Section 2 by enumerating the acts which constitute it. Under Section 105-21-8, Chapter 118, Laws of Utah 1935, quoted in the court's opinion, an information is sufficient if the crime is charged

"by stating so much of the definition of the offense * * * in terms * * * of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged."

The information under examination charged that the defendant at a stated time and place "committed perjury by testifying as follows." What he allegedly said is then set out. Disregarding the provision, authorizing the charging of an offense by using the name given it by statute, such information complies with the alternative method. It states so much of the statutory definition as "is sufficient to give the court and the defendant notice of what offense is intended to be charged."

Again, the crime of perjury is here charged, as pointed out in the opinion, by following verbatim the form specified by Section 105-21-47, Laws of Utah 1935, likewise quoted in the opinion. The majority court, however, holds that the form prescribed by such section has presently no application, for the reason that when it was enacted there was, on our statute books, a crime called perjury; now there is no such offense. The obvious answer is that as pointed out above, there is now, as there was when the statute providing the form was enacted, a crime called perjury. When the legislature redefined it and divided it into degrees, no modification was then or since made in the form which the statute says is sufficient to charge it. We cannot infer that,

had it been called to the attention of the legislature, they would have modified the form so as to require specification of the degree. On the contrary, finding a crime of perjury in the statutes and a form prescribed as sufficient to charge it, the legislative intent in the premises is without doubt. The form, absent constitutional condemnation, may be used to validly charge the offense.

The crime of perjury is divided into degrees. Chapter 118, Laws of Utah 1935, Section 105-21-38, provides:

"In an information or indictment for an offense which is divided into degrees it is sufficient to charge that the defendant committed the offense without specifying the degree."

No doubt can possibly be entertained as to the legislative intent evidenced by such section. It matters not that the lesser of the degrees of a particular crime be not included in the greater, it is not necessary by virtue of this provision to specify the degree. Unless some constitutional right of defendant be infringed by a literal construction of such provision, I see no escape from giving it such construction, since the legislature made no exception.

The difficulties suggested in the court's opinion are resolved by the statutes. "Suppose," asks the court, "defendant when arraigned upon the information had entered a plea of guilty. What penalty would the court have imposed?" The court in such case would proceed as directed by Section 105-25-9, Chapter 122, Laws of Utah 1935, which provides:

"Where an information or indictment charges an offense which is divided into degrees without specifying the degree, if the defendant pleads guilty generally the court shall, before accepting the plea, examine witnesses to determine the degree of the offense of which the defendant is guilty."

Section 105-25-10, same chapter, provides:

"Where the defendant pleads guilty to an information or indictment if the court accepts the plea and has discretion as to the pun-

ishment for the offense, it may hear witnesses to determine what punishment shall be imposed."

Under such sections there would be no doubt in the record as to what degree of the offense a plea was entered. The court, *before accepting the plea, shall,* under evidence adduced, *determine the degree.* The court may likewise, whether the degree be specified or not, hear witnesses to determine what sentence it shall pronounce. As to difficulties suggested relative to pronouncing sentence after verdict, that situation, should it ever arise, is provided for by Section 105-21-45 of the same Chapter. The section reads:

"The defendant and the prosecuting attorney are entitled upon motion made by either after verdict and *before sentence is pronounced* or the defendant is discharged to have the information or indictment amended so as to state the particulars of the offense, as proved, in such a manner that the information or indictment shall without evidence aliunde be such evidence of the offense charged and its particulars as to bar a subsequent prosecution for the same offense constituted by the same particulars." (Italics added.)

All that is said hereinabove aside, I am of the opinion that the court errs in holding that the motion to quash should have been granted. This case is here after trial and verdict. A bill of particulars which gave details indicating degree was filed by the district attorney before trial. We are advised, then, that the information could have been amended before trial, according to the prevailing opinion, by merely therein specifying the degree of perjury charged. In such case the motion to quash should have been overruled. Chapter 118, Laws of Utah 1935, Section 105-23-3, which sets out the various grounds on which a motion to quash an information or indictment shall be available, concludes:

"If a motion to quash is based on an alleged defect in the information or indictment which can be cured by amendment the court shall order the amendment to be made and shall overrule the motion."

If the court was in error in holding that the information stated a public offense, which I think it was not, it erred

in not ordering an amendment to specify degree; it did not err in overruling the motion. Hence it would seem that the verdict and judgment being set aside the case should be remanded, pursuant to the reasons given for reversal, with instructions to the trial court to order the information amended to conform to the court's opinion and proceed under the information.

True, the record before us reveals that the complaint before the magistrate charged the offense as it was charged in the information. One of the grounds of defendant's motion to quash was that the trial court was without jurisdiction of the defendant or the offense charged for the reason that there was no complaint before the committing magistrate charging the defendant with any offense. It may be that the motion to quash should have been, under the court's opinion, on that ground sustained. However, the correct procedure, as I read the statute, would be for the court to order the amendment and since the objection to the complaint as amended would be that defendant had neither had nor waived a preliminary hearing, to order, pursuant to Section 105-23-8, Chapter 118, Laws of Utah 1935, that a preliminary hearing be had.

This is so because the lack of jurisdiction alleged in the motion could be grounded only on such lack of hearing before the magistrate. The district court undoubtedly, has jurisdiction of the offense evidenced by an information amended as suggested. After a preliminary hearing thereon, and an order holding defendant for trial in the district court, it would have jurisdiction of the defendant.

For the reasons stated I am of the opinion that the judgment below should be affirmed.

WOLFE, Justice (concurring).

I concur in the views expressed in the dissenting opinion of McDONOUGH, J.