## PIERCE v. STATE.

No. A-11642.   Sept. 25, 1952.

(248 P. 2d 633.)

L. M. Wiley, Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for defendant in error.

POWELL, J. This is an appeal by transcript from the district court of Muskogee county, where Claude Pierce was charged with the crime of assault with a dangerous weapon, but was convicted before a jury of the included offense

of assault and battery, with punishment fixed at 30 days in the county jail, and a fine of $100.

The verdict rendered was signed by only eleven of the twelve jurors. The defendant objected to the court receiving the verdict so signed, but his object on was overruled.

The court had instructed the jury (instruction No. 6):

"You are further instructed, gentlemen of the jury, if you fail to so find or have a reasonable doubt of the existence of any material fact necessary to constitute the crime of assault with a dangerous weapon, then you cannot convict said defendant and should acquit him; then it would be your duty to consider whether or not he is guilty of the lesser and included offense of assault and battery, as herein defined to you."

Instruction No. 10:

"If you find the defendant guilty of assault with a dangerous weapon with intent to do bodily harm, it will require the concurrence of the full panel to return a verdict into court, but such verdict when returned need be signed only by your foreman, whom you will select when you have retired to your jury room.

"If you find the defendant guilty of assault and battery (which is a misdemeanor) nine or more of your number may return a verdict. However, if this be your verdict and it be unanimous, such verdict need be signed only by your foreman, if concurred in by less than the whole, then all of those concurring must sign."

Counsel for the defendant objected to the giving of the above instructions, but the objections were overruled. This was assigned as error in motion for new trial, and also the legal authority of eleven jurors to find a verdict was questioned, in motion in arrest of judgment. The statutory provisions to be hereinafter quoted, will demonstrate that instruction No. 6, and the first paragraph of instruction No. 10 are in accordance with law. The last paragraph of instruction No. 10 presents the problem. No question of consent or waiver[1] is involved. After diligent search it appears that this is the first time the exact question raised has had the attention of this court. The question as to the sufficiency of the information not being argued will be deemed waived.

We shall first consider the statutory provisions involved. The charge of "assault with a dangerous weapon" is a felony charge covered by Tit. 21 O.S.1951 § 645. This crime is punishable by imprisonment in the State Penitentiary not exceeding five years, or by imprisonment in the county jail not exceeding one year. By provision of Tit. 22 O.S.1951 § 916, it is provided that:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense. R. L. 1910, § 5923."

And in interpreting the above statutory provision, this court has said that:

---

[1] In Dalton v. State, 6 Okla. Cr. 85, 116 P. 954, it was held that upon a trial for a misdemeanor in a superior court, the defendant might waive his right to a trial by a jury of twelve men, and with his consent might be tried by a jury of six, but that the record must expressly show his consent thereto. It was further held that in courts of record, except county courts, the right to demand a jury of twelve men was a constitutional right.

In Ex parte Hollingsworth, 46 Okla. Cr. 353, 287 P. 840, it was held that the defendant could waive his constitutional right to have a panel of twelve jurors, and that the verdict and judgment of the jury so constituted was not void.

See: Trott v. State, 62 Okla. Cr. 52, 70 P. 2d 118; Ex parte Owens, 91 Okla. Cr. 444, 219 P. 2d 1030; In re Wilkins, 7 Okla. Cr. 422, 115 P. 1118; State v. Frisbee, 8 Okla. Cr. 406, 127 P. 1091; Note in Ann. Cases 1916E, p. 503; 31 Am. Jur. 625-628; Annotation commencing at page 271 of 70 A.L.R., and page 1114 of 105 A.L.R.

Those interested in the jury system in general as a must should study Patton v. United States, 271 U.S. 276, 50 S. Ct. 253, 74 L. Ed. 854, 70 A.L.R. 263.

"Where one is properly charged with assault with a dangerous weapon as provided in [21 O.S.1951 § 645] the crime of assault and battery as provided by [21 O.S.1951 §§ 641, 642] is an included offense, and the District Court having properly assumed jurisdiction had the right to submit to the jury the included offense though this crime is a misdemeanor." Smith v. State, 79 Okla. Cr. 151, 152 P. 2d 279, 280; Lloyd v. State, 15 Okla. Cr. 130, 175 P. 374; Parks v. State, 14 Okla. Cr. 413, 171, P. 1129; Moody v. State, 11 Okla. Cr. 471, 148 P. 1055.

Ordinarily, a person charged with assault and battery (a misdemeanor case) would be tried in a justice of the peace court (although the county, superior courts and courts of common pleas where the latter are established, as well as certain municipal courts, have concurrent jurisdiction with justice court of such charge. Okla.Const. art. VII, §§ 12, 13; Tit. 20 O.1951 §§ 272 and 651). The district court would have jurisdiction only on appeal. Okla. Const. art VII, §§ 10, 12, and 18. But the offense set forth in the information is the one which fixes the jurisdiction of the court, and the court has jurisdiction of any included offense. Moody v. State supra.

Thus it appears that if a person should be prosecuted for assault and battery in a justice of the peace court, or county court, where juries are composed of six persons, five jurors are required to concur in order to convict. However, if the case should be tried de novo on appeal to the district court, or in any court of record where the jury is composed of twelve jurors, nine jurors would be required to concur in order to convict.

But, as pointed out by appellant, and as we shall see from the applicable constitutional provision, Okla Const. Art. 11, § 19, the district court does not have original jurisdiction of the charge of assault and battery, but only appellate jurisdiction, with the exception in a case where the assault and battery is an included offense in the greater offense charged and named in the descriptive label to the information or the indictment, as the case might be. But the felony charge in the descriptive label, and in the charging part of the indictment or information in the first instance, is the circumstance or exception *in factum,—eo nomine* that fixed the jurisdiction of the district court, and which thereafter could not be denied by reason of the lesser crime that might be involved.

See the case of Wilson v. State, 90 Okla.Cr. 180, 212 P.2d 172, where by comparable reasoning it was held that even though the charging part of the information was sufficient to have supported a felony charge, still where the allegations would also support an included misdemeanor offense, that the descriptive label limited the prosecution to the misdemeanor and fixed and supported the jurisdiction of the county court (that does not have jurisdiction of a felony charge).

The basic and inclusive charge in question being by information presupposes, of course, that there was a proper preliminary hearing (with probable cause shown) or a waiver. And likewise if the prosecution had been by indictment, there would have been a hearing before a grand jury, as a prerequisite to the indictment. Pierro v. Turner, 95 Okla. Cr. 425, 247 P. 2d 291. All proceedings up to the opening of the trial were on the basis of a felony. In the selection of the jury for the inclusive or greater charge, both the state and the accused had the advantage of five peremptory challenges. But if the charge filed had been that of assault and battery, either tried in a court not of record, or in a court of record de novo on appeal, they would have been entitled to but three peremptory challenges each. Tit. 22 O.S.1951 § 655, subds. 2 and 3. Worthy to note is that where the included offense is inherently involved in the inclusive and is of the same generic class, as here, and the evidence would indicate guilt of the felony or nothing, the defendant would not be entitled to have submitted to the jury the question of guilt or innocence of the lesser offense, one trial before a jury is all the defendant would be entitled to.

If the prosecuting officials from the information at hand in the beginning had filed a misdemeanor charge of assault and battery in a proper lower court, and if it then had reached the district court on appeal, where the concurrence of nine jurors in a verdict would have been sufficient, still the defendant would have had the advantage of a previous trial before a jury of six persons who might have decided for him and thus ended the matter. As the judgment stands it is a complete bar to any further prosecution for the offense set forth in the information, as well as for any lesser degree thereof, except for this appeal. If a new trial is granted the jury would again consider the felony charge, as a defendant cannot divide it into that which pleases him and that which does not. Among the other provisions of Tit. 22 O.S. 1951 § 951, it is provided: *The granting of a new trial places the parties in the same position as if no trial had been had.*" And in Watson v. State, 26 Okla. Cr. 377, 224 P. 368, in a well considered opinion by Judge Doyle, this court held that upon a new trial the defendant may be tried and convicted of any offense embraced within the information, though of a higher grade than that of which he was found guilty at the first trial. Specifically, it was held that the granting of a new trial to a defendant convicted of petit larceny, upon an information for grand larceny, is not a bar to another trial under the same information for the higher offense. See, also, Birdwell v. State, 10 Okla. Cr. 159, 135 P. 445; Duncan v. State, 41 Okla.Cr. 89, 270 P. 335; 59 A.L.R. Ann. p. 1160; Trono v. United States, 199 U.S. 521, 26 S. Ct. 121, 50 L. Ed. 292; Flemister v. United States, 207 U.S. 372, 28 S. Ct. 129, 52 L. Ed. 252.

So in this case defendant claims that having been tried on the basis of a felony, though only convicted of a misdemeanor, that he was entitled to the full concurrence of twelve jurors.

Looking to the constitutional provision, Okla. Const., art. II, § 19, reads:

"The right of trial by jury shall be and remain inviolate, and a jury for the trial of civil and criminal cases in courts of record, other than county courts, shall consist of twelve men; but, in county courts and courts not of record, a jury shall consist of six men. * * * In civil cases, and *in criminal cases less than felonies*, three-fourths of the whole number of jurors concurring shall have power to render a verdict. *In all other cases* [cases where the accused is charged with a felony] *the entire number of jurors must concur to render a verdict.* In case a verdict is rendered by less than the whole number of jurors, the verdict shall be in writing and signed by each juror concurring therein." (Emphasis supplied)

Particularly note that it is provided "In all other cases [felony] the entire number of jurors must concur to render a verdict." There seems to be no room for the contention of nuances of meaning requiring interpretation, as the constitutional provision is unambiguous.

It has been said that courts in construing unambiguous constitutional provisions are not at liberty to search for meaning beyond the instrument. Shaw v. Grumbine, 137 Okla. 95, 278 P. 311. Here, the constitutional provision in question was evidently designed to safeguard the liberty and security of the citizen. It specifically extends the right to those charged with a felony to the unanimous verdict of a jury composed of twelve persons. This is a valuable right. [2]

---

[2] But this statement is apt to be considered as trite and the significance not be appreciated, as the truth is not evident without serious study of the history of the legal systems of the world. This right came about by evolution of man from a state of barbarism to that of civilized standards, and represents the triumph of mankind over ignorance, greed and tyranny of the past. We still have a long way to go! It required the torture and death of millions of people. Consider the situation in Great Britain in the time of James II and Charles II, when such monsters as Judge Scroggs, Lord Baraxfield of Scotland and Chief Justice Jeffreys of King's Bench got in their work. Often condemned, beheaded, disemboweled, drawn and quartered at the instance and whim of officials professing Christianity. The judge on passing sentence would exclaim: "And God have mercy on your soul!" If the jury did not convict they were starved out until they did, or jailed or beheaded. And consider the activities of Ivan the Terrible of Russia. Consider the situation even today in many parts of the

No exception is made prescribing a less number for a felony charge where the solution may incidentally involve the consideration of an included offense amounting to a misdemeanor. Indeed, in this case a conclusion in the inclusive (greater) felony charge might have been impossible and a mistrial would have resulted but for the consideration of the included offense. The problem was dual. Thus more was involved than the settlement of a misdemeanor question. Under such circumstances, we are called on to say that the constitutional provision does not mean what it says because of the particular felony having involved the included and incidental misdemeanor. We think not.

But it has been suggested that such conclusion is not strictly logical when this court has held that where one is charged with assault with a dangerous weapon and convicted of the included offense of assault and battery, that the time for appealing is that provided for misdemeanors. We have so held, but in disposing of the problem there presented the question of the necessity for unanimity of the jury in verdict reached and the consideration of the constitutional provision heretofore quoted, Okla.Const. art. II, § 19, was not involved. The basic case is Davis v. State, 45 Okla.Cr. 374, 283, P. 586. Moreover, (and this is an important point) consideration was not given to the fact that if appellant prevailed and succeeded in getting a new trial that he would be tried on the felony charge set forth in the descriptive label and in the charging part of the information. Tit. 22 O.S.1951 § 951. It was stated in the opinion:

"No case in point has been cited by the state, we have found none, and counsel for defendant state they have been unable to find any cases sustaining their contention, but cite the case of Smith v. State, 105 Ark. 59, 150 S.W. 149 as being analogous."

The cited case was analogous, but nevertheless, in apparent effort to speed up final disposition of appeals, this court held against appellant. But such fact, as to the point there involved, is not controlling here, and that holding in light of present research is due reconsideration, not being based on reason and logic, as it would be if this state had adopted the rule as in a few of the states of the Union to the effect that a conviction of a lesser offense included in the indictment or information is a bar to prosecution for the greater offense on a new trial for the defendant. Radej v. State, 152 Wis. 503, 140 N.W. 21; 59 A.L.R. 1163.

The Attorney General has failed to meet the issue and answer the question involved. On the other hand, counsel for the defendant has cited two cases from other jurisdictions that are squarely in point. And Smith v. State, supra, is anal-

---

world, and possible influence on standards here. By reason of her history, no doubt, in England even today twelve jurors are required to convict in any kind of a case.

There are just times when an accused might prefer a jury. In Oklahoma judges have not always possessed judicial temperament. Some in the past have soon taken sides, and perhaps not consciously; their conduct has not always been subtle, though certainly not as vigorous as in one reported case. Soon after statehood a district judge empanelled the jury and then relinquished the bench to another judge, and proceeded to prosecute the defendant before the jury to conviction. This court, of course, reversed the case. Lilly v. State, 7 Okla. Cr. 284, 123 P. 575.

Once the writer was in a court room where a judge was hearing a motion for disqualification. There had been a long and bitter divorce case and the wife was seeking a property division. The judge had taken the case under advisement. The wife asserted that persons had informed her that the judge while the case was under advisement had made statements not favorable to her. The judge, a kind and loveable character, dictated a statement into the record to the effect that while he had the case under advisement that he had made a private investigation to get to the truth of the matter so that he could make an equitable division of the property, and he denied any prejudice. Later the writer was employed to prepare an answer brief on appeal, and to my amazement this point had not been raised and I avoided it, but in the Supreme Court the entire record was studied and the case reversed, the opinion being very charitable as to the judge, in view of his statement in the record. See Williams v. Williams, 1926, 120 Okla. 12, 249 P. 920.

See the great classical argument made by the able Jeremiah S. Black before the Supreme Court of the United States in Ex parte Milligan, 4 Wall. 2, 18 L. Ed. 281, in defense of the right to trial by jury, as reported in Snyder's "Great Speeches by Great Lawyers", Baker, Voorhis Co., N. Y., publishers; "Gentlemen of the Jury", by Wellman, The Macmillan Co.; "Law, the Science of Inefficiency", by Slagle (1952), The Macmillan Co.; "Moman Pruitt, Criminal Lawyer", Harlow Pub. Co., Oklahoma City, Okla.; "A Panorama of the World's Legal Systems", Washington Law Book Co.

ogous. It is a good case. We have used the citator on these cases, and have examined the various digests of the reporter system, and have been unable, suprisingly to us, to find where the exact question here presented had been passed on by other courts than cited by defndant. Anyway, in the case of State v. Biagas, 1901, 105 La. 503, 29 So. 971; 1st Dec. Dig. Vol. 6 Cr.Law, § 872½, the court in a murder case (where the unanimity of twelve jurors was required to convict) where the accused was found guilty of the included offense of manslaughter (where if accused had initially been so charged the concurrence of nine jurors would have been sufficient to acquit or convict) it was held that the concurrence of all twelve jurors was necessary to convict. The reasoning of the court is interesting. Provosty, Justice, speaking for the court, said:

"The punishment of manslaughter cannot be capital, but is necessarily at hard labor; that of murder may be capital. For either murder or manslaughter the jury must be of twelve; but for manslaughter 9, concurring, may find a verdict, whereas for murder all twelve must concur. Under our statutory law the jury may always, in a case of murder, bring in a verdict for manslaughter. This, then, being the legal situation, counsel for the state argue that a trial for murder is a dual trial, it being also a trial for manslaughter, and that, in so far or inasmuch as the trial is for manslaughter, 9 jurors, concurring, may render a verdict. The argument loses sight of the fact that a verdict of guilty of manslaughter on a trial for murder is a dual verdict, it being also a verdict of not guilty of murder (State v. Byrd, 31 La.Ann. 419), and that the latter verdict cannot be rendered by a concurrence of less than 12 jurors. A verdict that saves the prisoner's neck is a verdict in a case in which the punishment may be capital, and the constitution is express that 'cases in which the punishment may be capital' shall be tried 'by a jury of twelve, all of whom must concur.' The 12 are required by the constitution, not alone for the prisoner's conviction, but as well for his acquittal. A verdict in such a case, if found by any number of jurors, less than 12, is null and void,—as null if found by 11, as if found by 2 or 3."

Justice Blanchard filed a vigorous dissenting opinion, but it loses its force because based on the fact that in Louisiana if convicted of the lesser included offense and a new trial granted, an accused may not be tried for the greater offense charged but only for the included offense for which convicted. And we have seen that such is not the rule in Oklahoma.

The Supreme Court of Idaho, in State v. Jutila, 1921, 34 Idaho 595, 202 P. 566; 3rd Dec.Dig. Vol. 17, Jury, 32 (4), cited the above Louisiana case to support its conclusion, but there it said:

"Under C.S. § 8904 [quoted in opinion], where the charge is a felony, a conviction [of the included misdemeanor] cannot be had by verdict of five-sixths of the jury.

"Where the language of a statute is unambiguous, the clearly expressed intent of the Legislature must be given effect, and there is no occasion for construction."

By reading the Idaho constitutional provision and applicable statute, C. S. § 8904, set out in the opinion, and comparing such with the constitutional provision of Oklahoma, above quoted, it is seen that the principle involved is the same.

Accordingly the judgement is reversed, and the case remanded for a new trial in conformity with the views expressed in this opinion.

BRETT, P. J., and JONES, J., concur.