295 P.2d 345

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Walter E. HUTCHINSON, Harold J. Schnitzer, Defendants and Appellants.**

**Nos. 8367–8368.**

Supreme Court of Utah.

March 28, 1956.

Rawlings, Wallace, Roberts & Black, Salt Lake City, for appellants.

E. R. Callister, Atty. Gen., for respondent.

HENRIOD, Justice.

These are consolidated appeals from second degree perjury convictions. Reversed.

Defendants were accused of *first* degree perjury but were convicted of *second* degree perjury on the theory the latter was included in the former. Defense counsel point to State v. Spencer, 1941, 101 Utah 274, 117 P.2d 455, 457, where the accused was charged with perjury specifying no degree, and urge that it is authority precluding such inclusion. The state counters with the contention that the language relied on was obiter. Here it is:

"There are two crimes: 'perjury in the first degree' and 'perjury in the second degree.' They are separate and distinct offenses. *One is not an offense included in the other.* They are two separate and distinct offenses and cannot be charged as different counts in one information under the provisions of Sec. 105–21–31, Laws of Utah, 1935 [now U.C.A.1953, 77–21–31]."

Without determining the debatable question as to whether this language was dictum or not, logic would dictate that without such language the conclusion is almost inescapable that one offense was included in the other and an accusation of perjury, without specifying the degree, would have been sufficient, since applicable statutes[1] seem to say so and actually authorize charging perjury in the following form: "A. B. committed perjury by testifying as follows".[2]

1. Title 76–45–1, U.C.A.1953 (formerly 103–43–1.10, U.C.A.1943.)
Title 76–45–7, U.C.A.1953 (formerly 103–43–10, U.C.A.1943.)
Title 76–45–8, U.C.A.1953 (formerly 103–43–11, U.C.A.1943.)
Title 77–21–8, U.C.A.1953 (formerly 105–21–8, U.C.A.1943.)
Title 77–21–38, U.C.A.1953 (formerly 105–21–38, U.C.A.1943.)

2. Title 105–21–47, Chap. 118, Laws of Utah 1935, now 77–21–47, U.C.A.1953.

Counsel's advertence to the Spencer case compels us to meet it head-on, without equivocation, apology or fine distinction. So doing, we reject that case as being controlling, adopting, rather, the reasoning and conclusions of the dissenting opinion therein. We believe the Spencer decision is not that type requiring veneration of or the payment of tribute to the principle of stare decisis, since we are convinced that it reasonably cannot find justification for the interpretation it placed on the pertinent statutes.

Now, what of these defendants, who, absent the Spencer case, would have been punishable for second degree perjury, perhaps, as an offense included in first degree perjury, the charge they faced?

The record reveals that their written stipulation contained admitted false statements, and that they waived the jury. It follows quite obviously, we think, that defendants were, or at least may have been lulled into a false sense of security by the language of the Spencer case, and quite as obviously prepared their defense thereon, thus placing their fate in the hands of an expert on the crucial matter of materiality rather than in the hands of inexperienced veniremen. They reasoned well, since the trial court found the statements to have been on immaterial matters, with which conclusion we agree.

Under the particular and quite unusual circumstances of this whole case, without enunciating any principle that necessarily would be applicable to other circumstances, each case being determinable on its facts and as it arises, we are constrained to hold, and we do, that these defendants cannot be held accountable under a first degree perjury charge for second degree perjury committed at a time when any reasonable person, reading the Spencer case, would plan his defense on the assumption that being charged with first degree perjury, proof of that offense beyond a reasonable doubt would be required, and that conviction for second degree perjury would be an impossibility as an included offense, under the terms of the Spencer case.

To conclude otherwise would offend against common decency, and discount our traditional conceptions of fair play.

In concluding as we do, we lay down no hard and fast rule anent the retrospective or prospective operation of our decision in criminal or civil cases generally or specifically. What we do say is that under the facts of this particular case,—none other—where defendants relied on a case which we ourselves admit was erroneously decided by us ourselves, to penalize defendants under the charge of first degree perjury would shock our sense of justice.

In view of the fact that a majority of my learned colleagues have concluded that this case be sent back for a new trial,—a conclusion that this writer cannot share,—that will be and is the order and judgment of this court.

CROCKETT, Justice (concurring).

██ ██ I agree that the Spencer case should be overruled, and that the offense of second degree perjury is included in the charge of first degree perjury. This would logically dictate that the conviction of second degree perjury as found by the trial judge should be affirmed. However, there are some practical considerations that should be taken into account. It seems highly probable that the defendants may have been put to a disadvantage in the proceedings below in reliance on the Spencer case. It is reasonable to suppose that their counsel may have advised them that the matters they had testified to in the civil matter were not material in the sense required to constitute first degree perjury; that they could not be convicted of second degree perjury under the charge of first degree perjury, and that, therefore, it would be advisable to waive their rights to a trial by jury and enter into the stipulation, thus casting their lot with the court rather than requesting a jury. For these reasons, it seems to me that fairness to the defendants requires that, even though we affirm in principle the trial court's interpretation of the law, the case should be remanded to the district court for further proceedings. The defendants should be permitted to withdraw the stipulation of facts and it should not be used in any manner against them and they should be allowed to demand trial by jury if they so desire.

██ ██ Consistent with our duty to set out with such clarity as we can rulings which will assist in the expeditious administration of justice in the cause (See Rule 76 (a), U.R.C.P.), I think it expedient that this observation be made: It is the well settled law that a reversal of a conviction at the instance of a defendant does not entitle him to go free because of the twice in jeopardy rule, but does entitle him to another trial under correct procedure. See State v. Lawrence, 120 Utah 323, 234 P.2d 600 and authorities therein cited; State v. Phillips, 175 Kan. 50, 259 P.2d 185; Pierce v. State, 96 Okl.Cr. 76, 248 P.2d 633. And a fortiori in this case, which is not an actual disapproval of the trial court's construction of the statute involved, the district attorney is at liberty to take further proceedings to the end that the defendants have no more and no less than they are entitled to: That is, a fair trial upon the charge for which they were bound over to the district court.

McDONOUGH, C. J., and WADE, J., concur in the opinion of CROCKETT, J.

WORTHEN, Justice (concurring and dissenting).

I am out of agreement with Justices HENRIOD and CROCKETT in holding that the conviction for second degree perjury should be reversed.

The decision in the Spencer case seems to have upset our judicial equilibrium. If the language quoted by Mr. Justice HENRIOD from the Spencer case is dictum we should not be disturbed. If it is not dictum we are nevertheless agreed that that case

should be rejected. I am in agreement with the holding of the trial judge in declining to follow the Spencer case and our affirmance of the trial court's judgment will avoid embarrassment.

The effect of the opinions of Justices HENRIOD and CROCKETT is to say the Spencer case is wrong but we will make the effective date of overruling that decision as soon as our decision is rendered in this case. From now forward perjury in the second degree is an included offense in the charge of perjury in the first degree, but as to any case including this case since the Spencer decision it will not be considered as an included offense.

The other members of the court choose to apply our decision prospectively and hold that the conviction of the defendants cannot stand. So concluding, it should follow in my opinion that the defendants should be discharged.

I am not in agreement with Mr. Justice CROCKETT that the case be remanded to the district court permitting defendants to withdraw the stipulation of facts and that they be required to plead in further proceedings.

Since none of the other members of the court agree with me that the conviction should be affirmed and since the other justices disagree as to whether or not we should give directions as to further proceedings to be pursued I am constrained. to agree with the results of Mr. Justice HENRIOD'S opinion in this matter.