329 P.2d 1075

The STATE of Utah, Plaintiff and Respondent,

v.

James W. RODGERS, Defendant and Appellant.

No. 8868.

Supreme Court of Utah.

Sept. 23, 1958.

Robert H. Ruggeri, A. Reed Reynolds, Moab, for appellant.

E. R. Callister, Jr., Atty. Gen., Jack L. Crellin, Asst. Atty. Gen., for respondent.

HENRIOD, Justice.

Appeal from a jury verdict finding defendant guilty of first degree murder. Affirmed.

No contention is made that defendant did not shoot and kill one Charles Merrifield, a fellow employee, while they were working at the Rattlesnake mine in San Juan County, Utah.

A complaint was filed in the Monticello City Court charging defendant with murder without designating the degree. After a hearing at which defendant was represented by counsel, he was bound over to the District Court where he was charged in an information with murder in the first degree. Counsel moved to quash the information on the ground defendant had been denied his constitutional right to a preliminary hearing [1] on the charge of first degree murder. He contended that the legislature, in dividing murder into degrees, had created separate and distinct offenses. Defendant also contends that the jury verdict was unsupported, in that the evidence consisted only of uncontradicted testimony to the effect that defendant was insane at the time of the killing.

As to the contention that the evidence, without contradiction, supported defendant's plea of insanity, we cannot agree. An examination of the record discloses a sharp conflict in the testimony of the expert witnesses, albeit defendant's witnesses were numerically superior. Such circumstance, however, is not controlling, the matter of determining sanity or insanity beyond a reasonable doubt being a jury function, where the evidence flows in

1. Art. I, Sec. 13, Utah Constitution.

158

two or more directions. No good purpose would be served to detail here the comparative but inconsistent testimony of the medical men, except to point out that there was defense testimony to the effect that defendant was suffering from an organic disorder that affected his mental processes such as to have caused an irresistible impulse to kill, while there was testimony for the state that refuted any such contention.

 As to the claim that dividing murder into degrees created separate offenses requiring separate charges, we believe and hold that charging one with murder, as that offense is defined generally under our statutes[2] includes any of the degrees into which it has been divided by the legislature[3] and that doing so is not vulnerable to constitutional objections raised,[4] where details are obtainable by demand for a bill of particulars.[5] We are not called upon to construe other portions of Title 77–21–47, U.C.A.1953.

We agree with the language of the Iowa case of State v. Martin,[6] quoting from State v. Phillips,[7] that:

"There is, under our law, but one crime called murder. The so-called degrees of this offense do not constitute distinct crimes, but gradations of the same crime, devised for the purpose of permitting punishment to be varied according to the circumstances of greater or less enormity characterizing the criminal act."

 In our recent case of State v. Hutchinson,[8] we determined that a charge of perjury would be sufficient if no degree were designated. We see no reason to conclude differently where the offense charged is murder, and we hold that a similar charge as to the latter is sufficient.

A case in point factually, statutorily and with respect to constitutional objections is State v. Roy,[9] a New Mexico case, whose reasoning and conclusions anent charging

2. Title 76–30–1, Utah Code Annotated, 1953: "Murder is the unlawful killing of a human being with malice aforethought."

3. Title 77–21–38, U.C.A.1953: "Offenses divided into degrees.—In an information or indictment for an offense which is divided into degrees it is sufficient to charge that the defendant committed the offense without specifying the degree." Title 77–21–47, U.C.A.1953: "Forms for certain offenses.—The following forms may be used in the cases in which they are applicable: * . * * Murder—A.B. murdered C.D."

4. Art. I, Sec. 12, Utah Constitution: "In criminal prosecutions the accused shall have the right to * * * demand the nature and cause of the accusation against him * * *"; XIV Amendment, U. S. Constitution.

5. Title 77–21–9, U.C.A.1953.

6. 1952, 243 Iowa 1323, 55 N.W.2d 258, 262, 34 A.L.R.2d 904.

7. 1902, 118 Iowa 660, 92 N.W. 876.

8. 1956, 4 Utah 2d 404, 295 P.2d 345.

9. 1936, 40 N.M. 397, 60 P.2d 646, 110 A.L.R. 1.

the offense of murder we espouse, referring the reader to that case for the wealth of authority cited therein in support of the conclusions both there and here.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.